## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JEROME D. HOPKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CIV-20-967-R |
| | ) | |
| SCOTT CROW, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

On November 10, 2020, Magistrate Judge Gary M. Purcell filed a Report and Recommendation, recommending that Plaintiff Jerome D. Hopkins's ("Plaintiff") action "be dismissed without prejudice as untimely." Doc. No. 10, p. 1. Magistrate Judge Purcell advised Plaintiff of his right to object to the Report and Recommendation by November 30, 2020, *id.* p. 7, and further advised that Plaintiff's failure to timely object waives the right to appellate review of the factual and legal issues addressed. *Id.*

Plaintiff filed an Objection to Magistrate Judge Purcell's Report and Recommendation on November 19, 2020. Doc. No. 11. Plaintiff's objection gives rise to the Court's obligation to conduct a *de novo* review of those portions of the Report and Recommendation to which Plaintiff specifically objects.

Plaintiff's claim arises from his confinement at the Lawton Correctional Facility ("LCF") in Lawton, Oklahoma. Doc. No. 1. Despite having an allergic reaction to an administration of Cipro antibiotics on February 1, 2018—taken for his urinary tract infection—Plaintiff alleges a nurse at LCF attempted to give him the same medication on

February 3, 2018. *Id.* Based on this conduct, Plaintiff asserted an Eighth Amendment claim alleging failure to provide adequate medical care in this Court on September 24, 2020. *Id.* Magistrate Judge Purcell explains that under the applicable two-year statute of limitations, Plaintiff's action should be dismissed because it is untimely and not subject to equitable tolling. Doc. No. 10, p. 4.

As Magistrate Judge Purcell explained, "the statute of limitations period for claims brought under 42 U.S.C. § 1983 'is dictated by the personal injury statute of limitations in the state in which the claim arose …, and in Oklahoma, that period is two years.'" Doc. No. 10, pp. 3–4 (citing *McCarty v. Gilchrist*, 646 F.3d 1281, 1289 (10th Cir. 2011) (citing Okla. Stat. tit. 12 § 95(A)(3))) (internal citations omitted). Further, although state law determines the length of the limitations period, federal law determines the accrual of the federal cause of action. *Kripp v. Luton*, 466 F.3d 1171, 1175 (10th Cir. 2006) (citing *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1154)). A federal civil rights action accrues

> when the plaintiff knows or has reason to know of the injury which is the
> basis of the action. Since the injury in a § 1983 case is the violation of a
> constitutional right, such claims accrue when the plaintiff knows or should
> know that his or her constitutional rights have been violated. This requires
> the court to identify the constitutional violation and locate it in time.

Doc. No. 10, p. 4 (citing *Smith*, 149 F.3d at 1154 (citations and quotations omitted)).

Typically, the issue of timeliness involves i) when the cause of action accrued and ii) whether equitable tolling applies. *Gilyard v. Gibson*, 612 F. App'x 486, 487 (10th Cir. 2015). Here, however, Plaintiff's Complaint states that his injury occurred on February 3, 2018. Doc. No. 1, p. 7. Thus, the cause of action's accrual date is not disputed. Further,

2

because Plaintiff did not file within two years after his cause of action accrued, his claim is clearly untimely if it was not equitably tolled. Accordingly, whether Plaintiff's claim is timely depends solely on whether equitable tolling applies.

Plaintiff articulates two reasons why the Court should disregard Magistrate Judge Purcell's recommendation and apply equitable tolling. Doc. No. 11, p. 1. First, Plaintiff argues that he suffered from a legal disability because his "competency in the present case is impaired significantly." *Id.* Second, Plaintiff argues his late filing should be excused because "Defendants repeatedly failed to respond to Plaintiffs numerous attempts to initiate the grievance process which prevented immediate exhaustion." *Id.* The Court addresses each in turn.

In Oklahoma, "the existence of a 'legal disability' provides proper grounds for equitable tolling." *Alexander v. Oklahoma*, 382 F.3d 1206, 1217 (10th Cir. 2004). Legal disability has been interpreted to apply to plaintiffs whose competency is impaired or plaintiffs who have not reached the age of majority. *Id.* Further, plaintiffs bear the burden of showing tolling applies to their claims. *See Ray v. Oklahoma Furniture Mfg. Co.*, 40 P.2d 663, 668 (Okla. 1934).[1] Here, Plaintiff argues his competency is impaired because he "[has] a documented learning disability which interferes with [his] ability to read comprehend and follow procedure." Doc. No. 11-1, p. 4.

A plaintiff does not satisfy his burden of proving he suffered from a legal disability when the plaintiff fails to explain why the learning disability prevented him from filing a

---

[1] State law governs the burden of proof on equitable tolling. *See Roberts v. Barreras*, 484 F.3d 1236, 1240 (10th Cir. 2007).

complaint. *See Gilyard*, 612 F. App'x at 488 (holding that plaintiff was not entitled to equitable tolling despite educational testing showing a learning disability). In *Gilyard*, the Tenth Circuit affirmed the district court, declining plaintiff's request for equitable tolling because even "after [plaintiff's] alleged test results show[ed] a severe learning disability, [plaintiff] was able to file a complaint against the same defendants for the same wrongdoing." *Id.* Accordingly, the plaintiff failed to establish his burden of proving he suffered from a disability that entitled him to equitable tolling, and the court found that the district court acted within its discretion by not applying equitable tolling. *Id.*

Plaintiff cannot satisfy his burden in this case either. Here, Plaintiff argues he suffered from a "documented learning disability." Doc. No. 11, p. 1. However, Plaintiff provides no medical history or records to support his claim. The court in *Gilyard* explained that notwithstanding the existence of plaintiff's alleged disability, he was still able to file a complaint against the defendants. 612 F. App'x at 488. Similarly, here, Plaintiff offers no explanation as to how his alleged disability prevented him from *timely* filing his complaint when it did not prevent him from eventually filing the complaint out of time. Doc. No. 1. Considering these circumstances, Plaintiff has not satisfied his burden of showing he suffered from a legal disability.

Next, Plaintiff alternatively appears to argue that Defendants' failure to respond to Plaintiff's attempt to initiate the grievance process equitably tolled his claims. Doc. No. 11, p. 1. In addition to a proper showing of a legal disability, a court may also apply equitable tolling when "defendants engage in false, fraudulent or misleading conduct calculated to lull plaintiffs into sitting on their rights." *Alexander*, 382 F.3d at 1217

4

(internal quotation marks omitted).[2] "[I]n *Alexander*, [the Tenth Circuit explained that] the Oklahoma discovery rule tolls the statute of limitations until an injured party knows of, or *in the exercise of reasonable diligence*, should have known of or discovered the injury…". *Young v. Davis*, 554 F.3d 1254, 1258 (10th Cir. 2009) (emphasis in original) (citing 382 F.3d at 1217 (internal quotation marks omitted)).

Plaintiff does not present a factual situation that justifies equitable tolling. Here, as Magistrate Judge Purcell explained in the Report and Recommendation, Plaintiff does not allege the "Defendants engaged in 'false, fraudulent [,] or misleading conduct' to lull Plaintiff into sitting on his rights." Doc. No. 10, pp. 5–6 (citing *Young*, 554 F.3d at 1258 (internal quotation marks omitted)). Rather, Plaintiff simply argues that the Oklahoma Department of Corrections ("ODOC") did not timely answer his Request to Staff in June 2018. Doc. No. 1-2. However, "Plaintiff fail[ed] to submit a timely Request to Staff" and Plaintiff does not appear to have followed the ODOC's grievance process for remedying the ODOC's untimely response. Doc. No. 10, p. 6 (citing Doc. No. 1-2). Accordingly, Plaintiff has not shown that "he pursued his claims with reasonable diligence" and therefore, equitable tolling does not apply. *See, e.g.*, *Young*, 554 F.3d at 1258.

Thus, despite Plaintiff's objections, the Court adopts the Report and Recommendation's conclusion that Plaintiff's claims are time-barred and subject to dismissal. Therefore, the Report and Recommendation is hereby ADOPTED IN ITS ENTIRETY and Plaintiff's claims are DISMISSED WITHOUT PREJUDICE.

---

[2] The Court has also noted that "exceptional circumstances may justify tolling a statute of limitations." *Alexander*, 382 F.3d at 1219. Such exceptional circumstances do not apply in this case.

**IT IS SO ORDERED** on this 29th day of January 2021.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE